## C. G. ELLIS ET AL. v. FORT BEND COUNTY.

### Decided March 13, 1903.

**1.—County Convicts—Hiring Bond—Inhuman Treatment.**

Under the statute providing that hirers of county convicts shall execute bond to the county in the amount of hire agreed-on, conditioned that the hirer will pay, when due, all moneys becoming due under the contract of hire, and also that he will treat the convicts humanely, etc., the county can recover on the bond only for failure to pay the hire agreed on, and not for breach of the covenant to treat the convicts humanely. Rev. Stats., art. 3745.

**2.—Same—Common Law Obligation—Damages.**

Even if such bond could be treated as a common law obligation, so as to permit a recovery thereon for breach of the condition as to humane treatment, the amount of the recovery would be limited to the actual damages resulting to the county, since the sum named in the bond is not liquidated damages or a penalty fixed by the statute for a breach.

Error from the District Court of Harris. Tried below before Hon. Wm. H. Wilson.

*Eugene Williams,* for plaintiffs in error.

*Clarence R. Wharton,* for defendant in error.

PLEASANTS, ASSOCIATE JUSTICE.—On October 28, 1897, Fort Bend County, acting under authority of article 3745 of the Revised Statutes, entered into a contract with plaintiff in error, C. G. Ellis, by which it agreed to hire and did' hire to said Ellis all persons who might become county convicts of said county between the 1st day of January, 1898, and the 1st day of January, 1900, except females, boys under 16 years of age, and confirmed cripples or invalids who were not physically able to perform a fair day's work. This contract provided that said Ellis should pay the county the sum of $6.12½ per month for each convict received by him, such convict to be hired by the said Ellis for the period of time required to discharge the fine and costs due by him at the rate allowed by law; that the liability of said Ellis for the hire of each convict should begin on the morning after the delivery of such convict to Ellis, said delivery to be made at the county jail of Fort Bend County; that the payments for the hire of said convicts should be made monthly by said Ellis on the first day of each month for the next preceding month; that Ellis should treat all convicts delivered to him under said contract humanely while in his employment; that he would furnish them with a sufficient quantity of good and wholesome food and comfortable clothing and with medicine and medical attention while sick; and that he would not require them to work at unreasonable hours, or for a longer time during any one day than other laborers doing the same kind of labor are accustomed to work. It was stipulated in the contract that any violation of its covenants on the part of Ellis would give the county the right to rescind the contract, declare a for-

feiture of the bond accompanying same, and take possession of the convicts.

At the time this contract was entered into the said C. G. Ellis as principal, and D. A. Turner and E. H. Ellis as sureties, executed and delivered to the defendant in error the following bond:

"The State of Texas, County of Fort Bend. Know all men by these presents that we, the undersigned, C. G. Ellis, as principal, and D. A. Turner and E. A. Ellis, as sureties, do hereby acknowledge ourselves held and firmly bound unto J. S. McEachin, county judge of Fort Bend County, Texas, and unto his successors in office in the penal sum of two thousand and five hundred dollars ($2500) for the payment of which to be well and truly made to the said county judge, or his successor, at his office in the town of Richmond, Texas, we jointly and severally bind ourselves and each of our heirs, executors and administrators, firmly, by these presents: The conditions of this obligation are such that whereas the above bounden C. G. Ellis has this day hired the county convicts of said Fort Bend County, Texas, for a period of two years, commencing January, 1898, upon the terms and conditions set out and sworn in the written contract hereto attached as a part thereof; therefore, should the said C. G. Ellis promptly and faithfully and fully pay to said county judge, or his successor, at the times, place and in the manner set out in said contract, all sums of money becoming due under said contract; and shall treat said convicts humanely while in his employment, and shall furnish them with a sufficient supply of good and wholesome food and comfortable clothing, and with medicine and medical attention while sick; and shall not require the convicts to work at unreasonable hours, or for a longer time during the day than other laborers doing the same kind of labor are accustomed to work; and shall do and perform all things undertaken and agreed to be done and performed, as shown by said contract hereto annexed, according to its tenor and terms, then this obligation shall be void; otherwise to remain in full force and effect.

"Witness our hands at Richmond, Texas, on this the 28th day of October, A. D. 1897.

"C. G. ELLIS.
"D. A. TURNER.
"E. A. ELLIS,

"By his Attorney in Fact, C. G. Ellis.
"Signed in presence of: Massie Beavens, J. C. Locke.
"Approved this the 10th day of November, A. D. 1897.

"J. S. McEACHIN,
"County Judge of Fort Bend County, Texas."

This suit was brought by defendant in error to recover the amount named in said bond as a statutory penalty for the breach by C. G. Ellis of his covenant to treat humanely the convicts delivered to him under

said contract. The petition sets out the contract and bond, and alleges that under said contract a certain number of convicts were turned over to said Ellis during the months of January, February and March, 1898; that said Ellis did not treat said convicts humanely, but that in violation of his said contract he put them in charge of overseers and agents who, with his knowledge and consent, treated them in a cruel and inhuman manner. The nature and extent of the alleged cruel treatment is fully set out in the petition. It is further alleged that the ill treatment of the convicts was of such a nature that the county judge, acting for the county, under the power reserved in said contract, revoked the same on the —— day of March, 1898, and took said convicts from the possession of said Ellis, and that by reason of the facts alleged the said Ellis and his sureties on said bond became and are liable to the plaintiff in the sum of $2500, for which amount judgment is prayed.

The defendants answered by general and special demurrers and general denial, and by various special pleas, the nature of which it is unnecessary to set out. The trial in the court below without a jury resulted in a judgment in favor of plaintiff for the sum of $2500, the penal sum named in the bond sued on. The execution of the contract and bond, the delivery thereunder of the county convicts to C. G. Ellis, and the breach by said Ellis of his covenant to treat the convicts humanely, was shown by undisputed evidence. It was further shown by undisputed evidence that Ellis had paid the county the full amount of the hire of said convicts for the time they were in his possession. There is no evidence that the county suffered any damage on account of the breach of the contract by Ellis except the cost of removing the convicts from Ellis's plantation back to the county jail, which cost amounted to the sum of $10. The county rescinded the contract, took possession of the convicts and removed them to the county jail about the 1st of March, 1898. During the period covered by the contract there were 103 convicts from the various courts of Fort Bend County who would have been hired to Ellis under the provision of said contract, had the same remained in force. The total amount of fines and costs due the county by these 103 convicts was $3167.80. There is no evidence as to what disposition was made of these convicts, or whether the fines and costs due by them were collected by the county.

In our opinion neither the pleadings nor the evidence in the case authorized a judgment in favor of the plaintiff for any amount. If the bond upon which the suit was brought is treated as a statutory bond, and conceded to be in substantial compliance with article 3746 of the Revised Statutes, then the $2500 named in said bond must be considered as the probable aggregate amount of the hire of the convicts agreed upon by the parties to the contract, and is not intended as agreed or liquidated damages for any breach of the bond by the hirer. The statute is as follows:

"Art. 3746. Hirers of convicts shall execute bond payable to the county judge of the county, with two or more good and sufficient sure-

ties, in the amount of hire agreed upon, conditioned as follows: (1) That the hirer will promptly and faithfully pay the amount of money mentioned in the bond when the same becomes due, and it shall be stated in the bond when the same becomes due. (2) That he will treat the convict humanely while in his employment. (3) That he will furnish the convict with a sufficient quantity of good and wholesome food, with comfortable clothing and medicine when sick. (4) That he will not require the convict to work at unreasonable hours, or for a longer time during any one day than other laborers doing the same kind of labor are accustomed to work. Such bond shall be approved by the county judge and filed in the office of the clerk of the county court."

It is clear from the language of this statute that the bond is only required to be for an amount sufficient to secure the county in the payment by the hirer of the agreed hire of the convicts, and the amount of such agreed hire, which is required to be stated in the bond, is not intended as a stipulation fixing the amount of damage for any breach of the other conditions of the bond. The county has in no sense a property right in its convicts, but only a right to a sufficient amount of the proceeds of the labor of the convict to pay the fine and costs due it, and to this extent only is it authorized under this statute to require security of the hirer of a convict. The ill treatment of a county convict by his hirer does not damage the county unless it is thereby prevented from collecting the fine and costs due it by such convict, or incurs some expense on account of the injury done the convict by such ill treatment. Had the Legislature seen fit it might have authorized counties in hiring convicts to require the hirer to execute a bond indemnifying the county against any loss or damage it might sustain by reason of any ill treatment of a convict by such hirer, or to require a bond fixing a penalty to be paid by the hirer for any violation of the conditions of his contract, but no such bond is authorized by the statute above quoted. The obligation of the principal and sureties in the bond provided for in this statute is to pay the amount of the agreed hire of the convict, when the same becomes due. This agreed hire is the only sum named in the bond, and it is payable not as damages for a breach of the bond, or as a penalty for any nonperformance of any of the conditions of the bond, but as a consideration for the right granted the hirer to the labor of the convict. The bond required by this statute is payable in full although the hirer complies with all of the conditions of his contract, and the sum named therein can not by any reasonable construction be considered a penalty provided by law for the violation of the conditions of the bond. The sections of the article which require the hirer to bind himself to properly care for and treat the convict humanely become a part of the contract of hire, and their breach by the hirer would give a right of action to the county for any damage it might sustain thereby, but the bond fixes no penalty for the violation of said conditions, and furnishes no security for any damage that might be caused by breach of such conditions.

We think the bond sued on is in substantial compliance with the

statute and is a valid statutory bond for the hire of convicts, but, for the reasons before given, the sum named in said bond can not be recovered by the county as liquidated damages or as a penalty fixed by the statute for a breach by Ellis of his covenant to treat the convicts humanely. If it were competent for the county in hiring its convicts to accept a general bond of indemnity from the hirer against any loss or damaged occasioned it by a breach of any of the terms of the contract of hire, and the bond in question should be treated as a common law obligation, there is nothing in the terms of the bond or in the nature of the contract which would authorize the conclusion that the sum named in the bond was intended by the parties as agreed or liquidated damages. On the contrary, it is clear from the terms of the bond that if the $2500 named therein is not to be considered as the agreed hire of the convicts, the presumption must be that it was intended as security, and not as liquidated damages, and the county would only be entitled to recover such damages for a breach of the contract as it was shown to have sustained.

The petition in this case does not allege that the plaintiff sustained any damage by the breach of the contract, and the court finds that the only damage caused plaintiff was the expense of removing the convicts from the Ellis plantation to the county jail, which amounted to the sum of $10. Such being the state of the pleading and evidence, no judgment could have been properly rendered against the defendants for any amount. The judgment of the court below will be reversed and judgment here rendered in favor of plaintiffs in error, and it is so ordered.

*Reversed and rendered.*

Writ of error refused.